1  Robert K. Phillips [SBN 135088]
**PHILLIPS, SPALLAS & ANGSTADT LLP**
2  505 Sansome Street, Sixth Floor
San Francisco, California  94111
3  Telephone: (415) 278-9400
Facsimile:  (415) 278-9411

4  Attorneys for Defendant, COLONIAL VAN & STORAGE, INC.

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  ANGIE SALAICES                      Case No. _____

11              Plaintiff,              **NOTICE OF REMOVAL OF CIVIL
                                        ACTION TO FEDERAL COURT FROM
12         v.                           STATE COURT BY DEFENDANT;
                                        DEMAND FOR JURY TRIAL**
13
    COLONIAL VAN & STORAGE, INC.;
14  and DOES 1-30                       COMPLAINT FILED:  June 29, 2017
                                        TRIAL DATE:   None set.
15              Defendants.
                                        (Superior Court of California, County of
16                                       Placer, Case No. SCV0039676)

17

18

19         **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN

20  DISTRICT OF CALIFORNIA:**

21         PLEASE TAKE NOTICE that Defendant, COLONIAL VAN & STORAGE, INC.

22  (hereinafter "Defendant"), hereby removes this action from the Superior Court of the State of

23  California, County of Placer, to the United States District Court for the Eastern District of

24  California, pursuant to 28 U.S.C. §§ 1441(a) and 1446.  Removal is based on the original

25  jurisdiction of the District Court pursuant to 28 U.S.C. §§ 1331 and 1337(a) and 49 U.S.C.A. §

26  14706 (Carmack Amendment), on the following grounds:

27  / / /

28  / / /

# I.

## STATEMENT OF JURISDICTION

1.      Removal jurisdiction exists because this Court has original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States" (28 U.S.C. § 1331), as well as civil actions "arising under any Act of Congress regulating commerce." 28 U.S.C. § 1337 (a). Removal jurisdiction further is proper in this Court because an action alleging liability of interstate motor carriers wherein the matter in controversy for each receipt or bill of lading exceeds $10,000, such as this one, is exclusively governed by 49 U.S.C.A. § 14706 and may be maintained in federal district court.  28 U.S.C. § 1337 (a); 49 U.S.C.A. § 14706(d).

# II.

## VENUE

2.      Venue is proper in the United States District Court for the Eastern District of California because Plaintiff ANGIE SALAICES (hereinafter "Plaintiff") filed her Complaint in the Superior Court of the State of California, County of Placer. 28 U.S.C. § 1446(a); see also 28 U.S.C. § 84(b), 28 U.S.C. § 1391(b)(2); E.D. Cal. R. 120(d).

# III.

## PLEADINGS AND PROCESS

3.      On June 29, 2017, Plaintiff filed an unverified Complaint in Placer County Superior Court, entitled *Angie Salaices v. Colonial Van & Storage, Inc. and Does 1-30*, and designated as Case No. SCV0039676.

4.      On July 11, 2017, Plaintiff mailed, using regular priority mail, a copy of the Summons and the Complaint to the Claims Services Department addressed to "ALLIED Van LINES/COLONIAL Van & Storage."  A true and correct copy of the Summons and Complaint received by Allied Van Lines is attached hereto as **Exhibit "A"** and constitutes all of the pleadings, process, and orders served on Allied Van Lines by Plaintiff. These documents were received by Allied Van Lines on July 14, 2017. Despite Defendant's request, Plaintiff has failed to provide it with a copy of any proof of service for Plaintiff's Summons and Complaint. *See* 28 U.S.C. § 1446(a).

1       5.      Plaintiff's Complaint alleges that Defendant failed to timely transport Plaintiff's

2 belongings from Roseville, California to Roseburg, Oregon. Plaintiff's Complaint alleges that

3 Defendants failed to timely deliver Plaintiff's belongings to her in Roseburg, Oregon and that

4 during the delivery of Plaintiff's property Defendants caused damage to her personal and real

5 property.

6                                          **IV.**

7                       **TIMELINESS OF REMOVAL**

8       6.      This Notice of Removal is timely filed within 30 days of July 14, 2017, the date

9 that Allied Van Lines received a copy of Plaintiff's Summons and Complaint which was mailed

10 by Plaintiff using regular priority mail. 28 U.S.C. 1446(b).

11                                         **V.**

12          **JOINDER OF ALL DEFENDANTS IN REMOVAL**

13       7.      Defendant is the only named defendant in Plaintiff's Complaint and brings this

14 removal.

15                                        **VI.**

16                        **BASIS FOR REMOVAL**

17       8.      Original, federal question jurisdiction exists in this Court pursuant to 28 U.S.C. §

18 1331, 28 U.S.C. § 1337 (a), and 49 U.S.C.A. § 14706. "Federal jurisdiction exists when federal

19 question presented on face of plaintiff's complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

20 392 (1987).

21       9.      Plaintiff's Complaint alleges two causes of action including general negligence

22 and breach of contract. This Court has supplemental jurisdiction over Plaintiff's state law cause

23 of action for breach of contract because those claims are so related to Plaintiff's claim alleging

24 the negligence and liability of interstate motor carriers which presents a federal question and is

25 within this Court's original jurisdiction such that they form part of the same case or controversy.

26 28 U.S.C. § 1367(a).

27       10.      Plaintiff's state law claim for breach of contract is based on the same operative

28 facts that comprise the basis of her federal claim alleging liability of Defendant as being an

1   interstate household goods carrier. Accordingly, Plaintiff's state law claim is based on the same

2   factual allegations as, and will necessarily involve common issues of law and fact to, Plaintiff's

3   claim alleging liability under 49 U.S.C.A. § 14706.

**VII.**

**<u>NOTICE TO PLAINTIFF AND STATE COURT</u>**

6   11.   Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently providing written

7   notice of this removal to Plaintiff, through her counsel. Also, pursuant to 28 U.S.C. § 1446(d),

8   Defendant is concurrently filing a copy of such Notice with the clerk of the Placer County

9   Superior Court. A true and correct copy of Defendant's Notice to Plaintiff, and as filed with the

10  clerk of the Placer County Superior Court, is attached hereto as **Exhibit "B."**

**VIII.**

**<u>DEMAND FOR JURY TRIAL</u>**

13  12.   Defendant hereby demands trial by jury in this action.

14  **WHEREFORE,** Plaintiff's Complaint is removable to this Court pursuant to 28 U.S.C. §

15  1331, 28 U.S.C. § 1337 (a), and 49 U.S.C.A. § 14706, and Defendant hereby removes this

16  action from the Superior Court of the State of California, County of Placer, to the United States

17  District Court for the Eastern District of California and respectfully requests this Court proceed

18  with the matter as if it had been filed originally herein.

20  DATED:  July 28, 2017                          PHILLIPS, SPALLAS & ANGSTADT LLP

22                                                /s/ Robert K. Phillips
23                                                Robert K. Phillips
                                                  Attorneys for Defendant, COLONIAL VAN &
24                                                STORAGE, INC.